

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| REGINALD KEITH DELANEY,<br>Plaintiff, | § § § | |
| vs. | § | CIVIL ACTION NO. 4:05-1968-HFF-TER |
| | § | |
| JON OZMINT *et al.*,<br>Defendants. | § § § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND FINDING AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

This case was filed as a Section 1983 action. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant Defendants' Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, deny Plaintiff's Motion for Default Judgment, and find as moot, or deny, Plaintiff's Motion for Injunctive Relief. The Report is made in accordance with 28 U.S.C. § 636, and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 15, 2006. Plaintiff failed to file any objections to the Report. In the absence of objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Two matters from the Report, however, bear noting. First, the Court observes that the parties and the Magistrate Judge have treated this case as an action brought under 42 U.S.C. § 1983. Applying additional liberal construction to the complaint, this Court has also considered the possibility that Plaintiff intended to challenge his administrative segregation pursuant to 28 U.S.C. § 2241. Ultimately, however, the record discloses that Plaintiff's administrative segregation has ended. Therefore, for purposes of § 2241, Plaintiff is no longer in "custody." Plaintiff, moreover, seeks an award of monetary damages, a remedy that is appropriately sought in actions alleging "constitutional torts" under § 1983. Accordingly, the Court concludes that the Magistrate Judge and the parties have soundly characterized this action as one brought under Section 1983.

Second, because of an apparent printing error, the quotation from *Bell v. Wolfish*, 441 U.S. 520, 548 (1979), found in paragraph one of page nine of the Report, is not entirely decipherable. Although a harmless error, for the sake of clarity, the Court sets forth the quotation again here:

> But judicial deference is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.

*Id*.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the Report to the extent that it does not contradict this order and incorporates it herein. Therefore, the Court **GRANTS** Defendants' Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Default Judgment, and finds as **MOOT** Plaintiff's Motion for Injunctive Relief.

**IT IS SO ORDERED**.

Signed this 5th day of July, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.